NO. 12-08-00221-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



§
 APPEAL FROM THE 

THE STATE OF TEXAS FOR 

THE BEST INTEREST AND
§
 COUNTY COURT AT LAW OF

PROTECTION OF M.H.

§
 CHEROKEE COUNTY, TEXAS






MEMORANDUM OPINION


 M.H. appeals from an order to administer psychoactive medication. After a hearing without
a jury, the trial court entered an order authorizing the Texas Department of Mental Health and
Mental Retardation to administer psychoactive medication to M.H. In one issue, M.H asserts the
evidence is legally and factually insufficient to support the order. We affirm.


Background

 On April 29, 2008, the trial court entered an order for temporary mental health services. On
May 8, 2008, an application for court ordered authorization for the administration of psychoactive
medication was filed. The application was prepared by a physician, Dr. Robert Bouchat, who
diagnosed M.H. as suffering from bipolar disorder. The doctor indicated that he believes M.H. lacks
the capacity to make a decision regarding administration of psychoactive medication because she
is delusional and devoid of insight. After hearing Dr. Bouchat's testimony, the court entered an
order to administer psychoactive medication.


Psychoactive Medication

 In her sole issue, M.H. asserts the evidence is neither legally nor factually sufficient to
support the order to administer psychoactive medication. She contends that the State did not prove
by clear and convincing evidence that she lacks the capacity to make a decision regarding the
administration of psychoactive medicine. She argues that the record does not show that the use of
medication is in her best interest or that she did not have the ability to understand the nature and
consequences of taking medication. She further contends the trial court failed to adequately address
several of the factors required to be considered in making a determination as to whether medication
is in her best interest. 

Applicable Law

 In a legal sufficiency review where the burden of proof is clear and convincing evidence, the
reviewing court must consider all of the evidence in the light most favorable to the finding to
determine whether a reasonable trier of fact could have formed a firm belief or conviction that its
finding was true. In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002). The reviewing court must assume
that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do
so. Id. A court should disregard all evidence that a reasonable factfinder could have disbelieved or
found to have been incredible. Id. 

 In addressing a factual sufficiency of the evidence challenge, we must consider all the
evidence in the record, both that in support of and contrary to the trial court's findings. In re C.H.,
89 S.W.3d 17, 27-29 (Tex. 2002). This court must give due consideration to evidence that the
factfinder could reasonably have found to be clear and convincing. Id. at 25. We must determine
whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about
the truth of the State's allegations. Id. We must consider whether disputed evidence is such that a
reasonable trier of fact could not have reconciled that disputed evidence in favor of its finding. In
re J.F.C., 96 S.W.3d at 266. Appellate courts retain deference for the constitutional roles of the
factfinder. In re C.H., 89 S.W.3d at 26. The trier of fact is the exclusive judge of the credibility of
the witnesses and the weight to be given to their testimony. See id. at 27; In re J.J.O., 131 S.W.2d
618, 632 (Tex. App.-Fort Worth 2004, no pet.).

 The court may enter an order authorizing the administration of psychoactive medication if
the patient is under an order to receive inpatient mental health services and it finds by clear and
convincing evidence that the patient lacks the capacity to make a decision regarding the
administration of the proposed medication and treatment with the proposed medication is in the best
interest of the patient. Tex. Health & Safety Code Ann. § 574.106(a) (Vernon Supp. 2008). In
determining that treatment with psychoactive medication is in the best interest of the patient, the
court is required to consider the following:


 (1) the patient's expressed preferences regarding treatment with psychoactive
medication;


 (2) the patient's religious beliefs;


 (3) the risks and benefits, from the perspective of the patient, of taking psychoactive
medication;


 (4) the consequences to the patient if the psychoactive medication is not administered;


 (5) the prognosis for the patient if the patient is treated with psychoactive medication; 


 (6) alternative, less intrusive treatments that are likely to produce the same results as treatment
with psychoactive medication; and


 (7) less intrusive treatments likely to secure the patient's agreement to take the
psychoactive medication.


Tex. Health & Safety Code Ann. § 574.106(b) (Vernon Supp. 2008).

Discussion

 Dr. Bouchat testified that M.H. was, at the time of the hearing, under an order for temporary
mental health services. The doctor testified that M.H. suffers from bipolar disorder. He said M.H.
has refused to accept medications voluntarily and lacks the capacity to make a decision regarding
administration of psychoactive medication. The requested medications are in the proper course of
treatment, and are in M.H.'s best interests. The benefits outweigh the risks, and her hospital stay
would be shortened if medications are used. Dr. Bouchat explained that he had tried to discuss
medications with M.H. on several occasions but, because she feels she does not have a mental illness
and because she is a Jehovah's Witness, she believes medications are not appropriate for her. He
explained that she had been hospitalized for two weeks at the time of the hearing and she had not
improved. He felt that she would not be well enough to be discharged without the use of
medications. 

 On cross examination, Dr. Bouchat, referring to a document in M.H.'s medical records,
agreed with counsel that the admitting doctor stated on April 30, 2008 that M.H. is capable of
understanding the explanation of treatment. He agreed that patients have the right to reject medical
recommendations if they conflict with their religion. While M.H. had not explicitly stated that her
religious beliefs were the basis for rejecting the medication, the doctor felt that was a reasonable
inference from what she had told him. Dr. Bouchat explained that therapy while hospitalized had
not diminished her manic symptoms and persistent irritability and there are no effective alternative
treatments for bipolar disorder. The doctor testified that without medications, M.H. would not be
able to be discharged to a less restrictive environment and would probably "get into problems with
authorities rather quickly."

 On redirect, when asked if M.H. lacks the capacity to make a decision regarding
administration of psychoactive medications, the doctor explained that she understands what the
intent is regarding medication but "she is devoid of insight regarding her behaviors that landed her
here in the hospital and the need for medication to control her illness." He believes her refusal to
take medication is due to her mental illness and medication would be the proper course of treatment
for her. On further cross examination, he explained that M.H. understands his desire to use
medication and that he believes the medication would help her. He clarified that her primary
objection to taking medication is based on her refusal to acknowledge that she has an illness "but
she also from time to time brings up the issue of religion and not needing medication."

 M.H. testified, stating that she understood that the doctor wants access to certain medications
and that he believes the medications would lead to an earlier release. She said the doctor never told
her what kind of medication he wanted to give her. She denied having a mental illness. She
objected to all categories of medication except one that would deal with a "menopause problem." 
She accused the doctors and hospitals of being guilty of medical malpractice and insurance fraud and
of being pathological liars. She explained that she is a Jehovah's Witness and taking any drugs is
against her faith. She stated, 


 As Jehovah's witnesses, we have spiritual spines and mental powers. We deal in realities all the time. 
We're victimized by bigoted people who don't like us or don't understand us or don't agree with us,
and these all extend from K.K.K. and satan [sic] worshipers who know exactly who I am and know
there was nothing that happened.


She denied being delusional or devoid of insight. She testified that if the doctors were to force her
to take medication it could put her relationship with her god in great jeopardy. She clarified that
she takes medicines that she really needs but does not take medicines that are convenient for others. 
She further explained, "I do not take drugs on the basis of my faith. I do not need it. There is
nothing wrong with me. They just know I am telling the truth and are doing everything to discredit
me."

 Dr. Bouchat testified that M.H. lacks the capacity to make a decision regarding
administration of psychoactive medication due to her mental illness. M.H. had made no progress
with therapy in the absence of medication and there are no reasonable alternatives to medication
in the treatment of her illness. Considering all the evidence in the light most favorable to the
findings, we conclude a reasonable trier of fact could have formed a firm belief or conviction that
M.H. lacks the capacity to make a decision regarding administration of the proposed medication
and that treatment with the proposed medication is in her best interest. See In re J.F.C., 96 S.W.3d
at 266. This evidence satisfies the statutory requirement for clear and convincing evidence in
support of the order for administration of psychoactive medication. See Tex. Health & Safety
Code Ann. § 574.106(a). The evidence is legally sufficient to support the trial court's order. See
J.F.C., 96 S.W.3d at 266.

 In addressing M.H.'s factual sufficiency complaint, we consider all the evidence, giving due
consideration to evidence the factfinder could reasonably have found to be clear and convincing. 
In re C.H., 89 S.W.3d at 25. The State presented evidence that M.H. is not competent to make a
decision about whether to take or refuse medication. The admitting doctor's statement that M.H.
is capable of understanding an explanation of treatment is consistent with Dr. Bouchat's statement
that M.H. understands what the intent is regarding medication. Furthermore, the trial court could
have determined that a patient could understand an explanation of treatment and yet lack the
capacity to make a decision regarding the administration of medication. The trial court was entitled
to disregard M.H.'s testimony that she rejected medication on the basis of her religion and
determine instead that her ability to make a decision was negatively affected by her mental illness
as explained by Dr. Bouchat. See In re J.F.C., 96 S.W.3d at 266; In re C.H., 89 S.W.3d at 27. In
light of the entire record, the evidence that the trial court could not have credited in favor of its
findings is not so significant that the trial court could not reasonably form a firm belief or
conviction that M.H. lacks the capacity to make a decision regarding the administration of the
proposed medication and that treatment with the proposed medication is in her best interest. See
In re C.H., 89 S.W.3d at 25. Thus, the evidence is factually sufficient to support the trial court's
findings. See Tex. Health & Safety Code Ann. § 574.106(a). We overrule M.H.'s sole issue.


Disposition

 Because the evidence is legally and factually sufficient to support the trial court's order for
the administration of psychoactive medication, we affirm the trial court's order. 



 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered October 8, 2008.

Panel consisted of Worthen, C.J., Griffith, J.., and Hoyle, J.















(PUBLISH)